# Exhibit 1

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Eli R. Greenstein (217945)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Phone: (415) 400-3000
Fax: (415) 400-3001
egreenstein@ktmc.com

-and-

Eric L. Zagar (250519)
James H. Miller
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (267) 948-2512
ezagar@ktmc.com
jmiller@ktmc.com
mgoldstein@ktmc.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LOUIS POLICE RETIREMENT SYSTEM, On Behalf Of Itself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant ABAXIS, INC., | **CASE NO. 12-CV-05086-YGR** |
| Plaintiff, | |
| v. | **STIPULATION OF SETTLEMENT** |
| CLINTON H. SEVERSON, ALBERTO R. SANTA INES, KENNETH P. ARON, VLADIMIR E. OSTOICH, DONALD P. WOOD, MARTIN V. MULROY, RICHARD J. BASTIANI, MICHAEL D. CASEY, HENK J. EVENHUIS, PRITHIPAL SINGH, VERNON E. ALTMAN, AND ERNEST S. TUCKER, | |
| Defendants, | |
| and | |
| ABAXIS, INC. | |
| Nominal Defendant. | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation" or the "Settlement"), is made and entered into by and among the following Parties (as defined further in ¶ 1.11 hereof), each by and through their respective counsel: (i) St. Louis Police Retirement System ("Plaintiff") on behalf of itself and all others similarly situated, and derivatively on behalf of Abaxis, Inc. ("Abaxis" or the "Company"); (ii) defendants Clinton H. Severson ("Severson"), Alberto R. Santa Ines ("Santa Ines"), Kenneth P. Aron ("Aron"), Vladimir E. Ostoich ("Ostoich"), Donald P. Wood ("Wood"), Martin V. Mulroy ("Mulroy"), Richard J. Bastiani ("Bastiani"), Michael D. Casey ("Casey"), Henk J. Evenhuis ("Evenhuis"), Prithipal Singh ("Singh"), Vernon E. Altman ("Altman") and Ernest S. Tucker ("Tucker") (collectively, the "Individual Defendants"); and (iii) nominal defendant Abaxis (collectively with the Individual Defendants, "Defendants").  This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in ¶ 1.17 hereof), upon and subject to the terms and conditions hereof.  Capitalized terms not otherwise defined shall have the definitions set forth in ¶¶ 1.1-1.18 below.

## I.     INTRODUCTION AND BACKGROUND OF THE ACTION

On October 1, 2012, Plaintiff filed in the Court a Verified Shareholder Class Action and Derivative Complaint (the "Complaint") that asserted class claims on behalf of a class of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the record date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant ("Excluded Persons"), and the legal representatives, heirs, successors or assigns of any such Excluded Person) (the "Class").  The Complaint also asserted derivative claims on behalf of nominal defendant Abaxis against the Individual Defendants alleging, *inter alia*, that: (1) the Grantor Defendants violated the terms of the Company's 2005 Equity Incentive Plan (the "2005 Plan") by purportedly granting to the Officer Defendants and other Abaxis employees more restricted stock units ("Restricted Stock Units" or "RSUs") than could be settled pursuant to the 500,000 share limit contained in the 2005 Plan (the "Restricted

Stock Limit"); and (2) in total, the Abaxis board of directors (the "Board") issued 870,179 shares of common stock upon settlement of Restricted Stock Units granted under the 2005 Plan since October 2005 (370,179 shares in excess of the Restricted Stock Limit) and granted a total of 2,045,000 Restricted Stock Units pursuant to the 2005 Plan (representing, if settled, 1,545,000 more shares than could be issued in accordance with the Restricted Stock Limit) (the "Excess RSUs").

Also on October 1, 2012, Plaintiff filed a motion for preliminary injunction seeking to enjoin Abaxis' annual meeting of shareholders scheduled for October 24, 2012 (the "2012 Annual Meeting") because the Company's September 27, 2012 Form DEF 14A proxy statement (the "2012 Proxy") allegedly contained materially false and misleading statements regarding a proposed amendment to the 2005 Plan (the "Plan Amendment").

On October 23, 2012, the Court granted, in part, Plaintiff's motion for preliminary injunction, enjoining the shareholder vote on the Plan Amendment until the Company made certain additional disclosures in the 2012 Proxy sought by Plaintiff.  On October 24, 2012, the Company filed with the United States Securities and Exchange Commission ("SEC") supplemental proxy materials containing the additional disclosures required by the Court.  On November 8, 2012, the Company reconvened the 2012 Annual Meeting in order to allow shareholders to vote on the Plan Amendment, which was approved.

On December 28, 2012, Defendants filed motions to dismiss Plaintiff's derivative claims contained in the Complaint (the "Motions to Dismiss"), in which Defendants argued that Plaintiff, inter alia, failed to adequately plead demand futility and failed to state a claim for relief. Defendants' Motions to Dismiss have been fully briefed and oral argument was held on May 7, 2013.  At the request of the Parties, the Court agreed to defer ruling on the Motions to Dismiss pending the Parties' efforts to reach a settlement of the Action.

Counsel for the Parties engaged in settlement negotiations in or about May 2013 and attended a mediation on September 20, 2013.  Following the exchange of numerous proposals and counter proposals, and related negotiations, the Parties reached an agreement in principle to settle the Action on the terms set forth herein, which include changes to the Company's corporate governance practices and policies.  However, the Parties did not begin negotiating the amount of

1   attorneys' fees and expenses payable to Plaintiff's Counsel as a result of the benefits conferred due

2   to the prosecution and settlement of the Action until after the substantive terms of the Settlement

3   were negotiated and agreed to.  On or about December 10, 2013, the Parties entered into a

4   memorandum of understanding (the "MOU") memorializing their agreement in principle to settle

5   the Action.  Following additional negotiations among the Parties, the Parties have been unable to

6   agree upon the amount of attorneys' fees and expenses payable to Plaintiff's Counsel.

## II.   PLAINTIFF'S CLAIMS AND BENEFITS OF THE SETTLEMENT

Plaintiff believes that the claims it has asserted in the Action have merit.  Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and appeals.  Plaintiff and its counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiff and its counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action.  Based on their evaluation, Plaintiff and its counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Abaxis and its shareholders.  Plaintiff's Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon Abaxis and its shareholders.  Plaintiff's Counsel base this conclusion upon, *inter alia*, their extensive investigation during the development, prosecution and settlement of the Action, which included, *inter alia*:  (i) inspecting, reviewing and analyzing the Company's filings with the SEC; (ii) researching corporate governance issues; and (iii) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto.

## III.   INDIVIDUAL DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied, and continue to deny, that they have committed any breach of fiduciary duty, waste of assets, or any other violation of law or engaged in any of the wrongful acts alleged in the Action, or that they have been unjustly enriched by any of the acts alleged in the Action, and expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties, to the extent such duties exist.  Nonetheless, the Individual Defendants have also taken into account the uncertainty and risks inherent in any litigation,

especially in complex cases like the Action.  Therefore, they have determined that it is desirable and beneficial that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Abaxis believes that the Settlement set forth in this Stipulation confers benefits upon Abaxis and its shareholders and that the Settlement is in the best interests of Abaxis and its shareholders.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiff (for itself and derivatively on behalf of Abaxis), the Individual Defendants and Abaxis, by and through their respective counsel or attorneys of record, as follows:

### 1.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "2010 Annual Meeting" means Abaxis' annual meeting of shareholders held on October 27, 2010.

1.2    "2010 Proxy" means Abaxis' proxy statement issued on or about September 15, 2010 in connection with the 2010 Annual Meeting.

1.3    "Action" means the above-captioned action styled, Case No. 4:12-cv-05086-YGR; *St. Louis Police Retirement System, On Behalf of Itself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant Abaxis, Inc. v. Clinton H. Severson, Alberto R. Santa Ines, Kenneth P. Aron, Vladimir E. Ostoich, Donald P. Wood, Martin V. Mulroy, Richard J. Bastiani, Michael D. Casey, Henk J. Evenhuis, Prithipal Singh, Vernon E. Altman, and Ernest S. Tucker, Defendants, and Abaxis, Inc., Nominal Defendant*, pending in the United States District Court for the Northern District of California.

1.4    "Court" means the United States District Court for the Northern District of California.

1.5    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of this Stipulation have been met and have occurred.

1.6    "Final Order and Judgment" or "Judgment" means the order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit C.

1.7 "Final" means the time when a judgment that has not been reversed, vacated or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. More specifically, it is that situation when: (a) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (b) an appeal has been filed and the court of appeals has/have either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (c) a higher court has granted further appellate review and that court has either affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.

1.8 "Grantor Defendants" means defendants Severson, Bastiani, Casey, Evenhuis, Singh Altman and Tucker.

1.9 "Notice" or "Notice of Proposed Settlement" means the notice of the Settlement to be provided by Abaxis, substantially in the form of the attached Exhibit B.

1.10 "Officer Defendants" means defendants Severson, Santa Ines, Aron, Ostoich, Wood and Mulroy.

1.11 "Parties" means, collectively, (i) Plaintiff; (ii) the Individual Defendants; and (iii) Abaxis.

1.12 "Person" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and each of their spouses, heirs, predecessors, successors, representatives, or assignees.

1.13 "Plaintiff's Counsel" means Kessler Topaz Meltzer & Check, LLP and Saxena White, P.A.

1.14 "Preliminary Order" means the order to be rendered by the Court, substantially in the form of the attached Exhibit A.

1.15   "Related Persons" means each of a person's spouses, heirs, executors, estates, marital communities, trustees, agents or administrators, present and former attorneys, legal representatives, assigns, past and present directors, officers, agents, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, divisions, affiliated entities, and any person or entity acting for or on behalf of any of them and each of them (including without limitation, any investment bankers, accountants, insurers, reinsurers, attorneys and any past, present or future officers, directors and employees of them).

1.16   "Released Persons" means Plaintiff and Defendants, and their respective Related Persons.

1.17   "Released Claims" means any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, including Unknown Claims, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether state, federal, or foreign, common law, statutory, or regulatory, including, without limitation, claims under the federal securities laws, that have been or could have been asserted in any court, tribunal or proceeding:   (a) by Plaintiff, or any Abaxis shareholder, derivatively on behalf of Abaxis, or by Abaxis, against any Released Person concerning the granting and/or receipt of the Excess RSUs, the 2005 Plan, the 2010 Proxy and/or any disclosures related to the 2010 Annual Meeting, the 2012 Proxy and/or any disclosures related to the 2012 Annual Meeting; (b) by Plaintiff, individually and/or on behalf of the Class, or by any member of the Class, against Abaxis or any Released Person, concerning the granting and/or receipt of the Excess RSUs, the 2005 Plan, the 2010 Proxy and/or any disclosures related to the 2010 Annual Meeting, the 2012 Proxy and/or any disclosures related to the 2012 Annual Meeting; and (c) by Plaintiff, any Abaxis shareholder, the Individual Defendants or Abaxis, concerning the settlement of the Action; *provided*, *however*, that Released Claims do not include claims to enforce the Settlement, or claims regarding the value of Plaintiff's securities other than those claims related to these subjects above.

1.18    "Unknown Claims" means any of the Released Claims which Plaintiff, any Abaxis shareholder, the Individual Defendants or Abaxis do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, including claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff, the Individual Defendants, and Abaxis shall expressly waive and each of the Abaxis shareholders shall be deemed to have, and by operation of the final order and judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any jurisdiction or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> ***A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.***

The Plaintiff, Individual Defendants, Abaxis and Abaxis shareholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the effective date of the Settlement, the Plaintiff, Individual Defendants and Abaxis shall expressly settle and release, and each Abaxis shareholder shall be deemed to have, and by operation of the final order and judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and Abaxis shareholders shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

2.      **Terms of the Settlement**

The Parties agree that, as a result of the filing, pendency, prosecution and settlement of the Action, Abaxis and/or the Board shall take all necessary steps to adopt the corporate governance measures outlined below in consideration of the Settlement and maintain such measures for five years from the date of adoption.  The Parties agree the measures set forth below constitute a benefit to Abaxis and its shareholders.

A.      The Compensation Committee Charter shall be revised to require the Compensation Committee on an annual basis to review, with the assistance of outside counsel, Abaxis' equity incentive plans;

B.      Prior to the granting of any equity incentive award(s) to executive officers, the Board and/or Compensation Committee shall review, with the assistance of outside counsel, Abaxis' equity incentive plans to ensure compliance therewith;

C.      Equity awards to executive officers shall be approved at a meeting of the Compensation Committee or Board, as applicable, and not by unanimous written consent;

D.      Abaxis directors shall be required to receive annual education on relevant topics, e.g., administration of the Company's compensation plans, disclosure obligations to shareholders and the Company's NASDAQ listing requirements;

E.      The Company's annual proxy statement shall contain a certification from the Compensation Committee and/or the Board, as applicable, that they have reviewed the terms of the Company's equity incentive plans and that all equity awards granted during the prior fiscal year were granted in compliance with the terms of the Company's equity incentive plans;

F.      The Board or Compensation Committee shall retain an independent compensation consultant each year;

G.  The Compensation Committee Charter shall be revised to require the Compensation Committee to consist of at least three (3) members;

H.  The Company's stock plan administrator shall:

    1.  Become a member of the National Association of Stock Plan Professionals; and

    2.  Attend a minimum of eight (8) hours of training sponsored by the National Association of Stock Plan Professionals per fiscal year for the next five (5) fiscal years;

I.  The Company, with the assistance of outside counsel, will conduct an annual training session for the Company's stock plan administrator regarding equity incentive plan administration procedures;

J.  The Company will adopt a compensation clawback policy that includes the following provisions, among other things:

    1.  If the Company is required to prepare an accounting restatement for any fiscal quarter or year due to the material noncompliance of the Company with any financial reporting requirement, and the Board determines that an officer's misconduct contributed to the noncompliance that resulted in the obligation to restate the Company's financial statements, the Board may require (i) in the case of the Company's Chief Executive Officer and Chief Financial Officer, that each such individual repay to the Company the compensation listed in paragraphs (a), (b), and (c) below, regardless of which officer's misconduct contributed to the noncompliance that resulted in the obligation to restate the Company's financial statements, and (ii) in the case of any other officer whose misconduct contributed to the noncompliance which resulted in the obligation to restate the Company's financial statements, that each such individual

repay to the Company the compensation listed in (a), (b) and (c) below, in each case as and to the extent permitted by applicable law:

a.   Up to the full amount of the difference between any bonus compensation received by the officer that was calculated based on the financial statements that were subsequently restated and the lower bonus compensation to which the officer would have been entitled had the financial statements been properly reported;

b.   Up to the full amount of any equity incentive grant received by the officer that was determined based on the financial statements that were subsequently restated; and

c.   If, after the release of earnings for any period with respect to which financial statements were subsequently restated and prior to the announcement of such restatement, the officer sold any shares of Company common stock acquired pursuant to an option or other award granted after the adoption of this policy under the Company's equity incentive plans, the excess of (i) the actual aggregate sales proceeds from the officer's sale of those shares, over (ii) the aggregate sales proceeds the officer would have received from the sale of those shares at a price per share determined appropriate by the Board in its discretion to reflect what the Company's common stock price would have been if the restatement had occurred prior to such sales; provided, however, that the aggregate sales proceeds determined by the Board under this clause (1) with respect to shares acquired upon exercise of an option shall not be less than the aggregate exercise price paid for those shares; and

2.      The Board may seek recoupment from the officer(s) for the amounts described above from any of the following sources:  prior incentive compensation payments; future payments of incentive compensation; cancellation of outstanding equity awards; future equity awards; and direct repayment.  To the extent permitted by applicable law, the Company may offset such amount against any compensation or other amounts owed by the Company to the officer.  If an amount repaid to the Company under the Policy will not be fully deductible by the officer, the Board may, in its discretion, reduce the amount to be repaid by the amount determined by the Board to reasonably take into account the adverse tax consequences of such repayment to the officer.

**3.      Settlement Class**

3.1      The Parties agree, for settlement purposes only, to the certification of the Action as a mandatory non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2), on behalf of the Class, as defined above.  In the event the Settlement does not become final for any reason, the certification of the Class shall be deemed vacated, and the Action shall proceed as though the Class had never been certified.

**4.      Procedure for Implementing the Settlement**

4.1      After execution of the Stipulation, Plaintiff and Defendants shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of an order substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval of the Notice, substantially in the form of Exhibit B hereto, which shall include the general terms of the Settlement set forth in this Stipulation, including, but not limited to, the maximum amount of attorneys' fees and expenses that Plaintiff's Counsel will seek in an application to the Court and the date of the Settlement Hearing, as defined in ¶ 4.2 below.  Notice of the Proposed Settlement shall be provided by Abaxis at its expense by causing the Notice to be filed with the SEC on Form 8-K, in accordance with the Preliminary Order, or as otherwise

ordered by the Court.  Abaxis will also be responsible for any and all costs associated with the dissemination of any additional notice ordered by the Court.  Counsel for Abaxis shall, at least twenty one (21) business days before the Settlement Hearing (as defined below), file with the Court an appropriate affidavit with respect to the preparation and dissemination of the Notice.

4.2    Plaintiff will request that after the Notice is given, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the terms of the Settlement as fair, reasonable and adequate and to consider Plaintiff's Counsel's application to the Court for an award of attorneys' fees and reimbursement of expenses.

## 5.    Releases

5.1    Upon the Effective Date, Plaintiff, Abaxis, and each member of the Class (solely in his, her or its capacity as an Abaxis shareholder) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons.

5.2    Upon the Effective Date each of the Released Persons and each Abaxis shareholder shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

5.3    Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

## 6.    Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1    Plaintiff contends that its counsel is entitled to an award of attorneys' fees and expenses for their role in the prosecution and settlement of the Action, and the Parties have attempted to negotiate an amount of fees and expenses to be paid to Plaintiff's Counsel.  As of the date of this Stipulation, the Parties have not reached agreement on an award of attorneys' fees and expenses.  Plaintiff's Counsel intends to apply to the Court for an award of attorneys' fees and

expenses of no more than $2,000,000 in the aggregate, and the Parties intend to, and do, preserve all arguments in connection with any petition for attorneys' fees and expenses by Plaintiff's Counsel. Defendants may oppose the amount of any application for fees and expenses made by Plaintiff's Counsel. Abaxis and/or its insurance carrier shall pay such fees and expenses as may be awarded by the Court (the "Fee Award"). Any failure of the Court to approve the Settlement shall have no impact on or preclude Plaintiff's Counsel from applying for an award of attorneys' fees and expenses on grounds of mootness, and Defendants reserve the right to oppose any such application. However, any failure by the Parties to reach agreement on an amount of fees and expenses, or by the Court to approve the amount of such fees, shall not affect the validity of the Settlement.

6.2    The payment of the Fee Award shall be made by Abaxis and/or its insurance carrier within ten (10) calendar days after entry of the Final Order and Judgment. The Fee Award shall be paid by check or wire transfer to an account designated by Kessler Topaz Meltzer & Check, LLP, and such payment shall fully discharge any and all obligations of the Defendants with respect to attorneys' fees and expenses of Plaintiff. Any such payment shall be made subject to Plaintiff's Counsel's obligation to make refunds or repayment to the Company if any specified condition to the Settlement is not satisfied. Any order or proceeding relating to the Fee Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement as set forth herein.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    The conditional certification of the Action as a non-opt-out class action pursuant to Fed. R. Civ. P. 23 on behalf of a Class as defined herein;

(b)    the entry by the Court of the Final Order and Judgment, substantially in the form of Exhibit C hereto; and

(c)    the Final Order and Judgment has become Final.

7.2     If any of the conditions specified in ¶ 7.1 are not met, then this Stipulation shall be canceled and terminated unless the Parties mutually agree in writing, by and through their respective counsel, to proceed with the Stipulation.

7.3     In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Action as of December 10, 2013, the last date before the execution of the MOU, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.18, 7.2, 8.6, 8.8, 8.9, 8.10, 8.11 and 8.13 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

## 8.     Miscellaneous Provisions

8.1     The Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.  The Parties and their counsel agree that they will refrain from disparaging each other in any publicly disseminated statements in connection with the Action.

8.2     The Parties intend this Settlement to be a final and complete resolution of all disputes between Plaintiff, Abaxis, and the Individual Defendants with respect to the Action.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Party as to the merits of any claim, allegation or defense.  The Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel.  The Final Order and Judgment shall contain a finding that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

8.3     Pending final determination of whether the Settlement should be approved, all proceedings and all further activity between the Parties regarding or directed toward the Action, except for those activities and proceedings relating to this Stipulation and the Settlement, shall be stayed.

8.4     Pending the Effective Date of this Stipulation or the termination of the Stipulation according to its terms, Plaintiff and all Abaxis shareholders, and their respective Related Persons, shall be barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

8.5     The provisions contained in this Stipulation (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.  The Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.6     The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.8     This Stipulation and the exhibits attached hereto constitute the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning the Stipulation or any of its exhibits other than the representations, warranties and

covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

8.9    Each Party severally acknowledges that no promise, inducement or agreement not expressed herein has been made to it or him, that this Stipulation contains the entire agreement between or among the Parties concerning the matters described in this Stipulation, and, except as expressly provided herein, that there are no third-party beneficiaries to this Stipulation.

8.10    This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs, and assigns.

8.11    This Stipulation and the Settlement contemplated by it shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles.  Any action arising out of or relating to this Stipulation shall be brought exclusively in the Court, or if the Court shall lack subject-matter jurisdiction over the action, then in such state court of the State of California as may have subject-matter jurisdiction over such action.

8.12    If any provision or provisions of this Stipulation shall be held to be invalid, illegal, unenforceable or in conflict with the law of the State of California, the validity, legality and enforceability of the remaining provisions of the Stipulation shall not in any way be affected or impaired thereby.

8.13    Each counsel or other Person executing this Stipulation or its exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

8.14    This Stipulation may be executed in one or more counterparts.  A faxed or pdf signature shall be deemed an original signature for the purposes of this Stipulation.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument.  A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Court.

8.15    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Persons.

8.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

1    8.17    This Stipulation and the exhibits attached hereto shall be considered to have been

2    negotiated, executed and delivered, and to be wholly performed, in the State of California, and the

3    rights and obligations of the Parties to this Stipulation shall be construed and enforced in

4    accordance with, and governed by, the internal, substantive laws of the State of California without

5    giving effect to that State's choice-of-law principles.

6    8.18    Without further order of the Court, the Parties may agree to reasonable extensions of

7    time to carry out any of the provisions of this Stipulation.

8    DATED: _Jan. 16_, 2014

9                                           KESSLER TOPAZ MELTZER
10                                            & CHECK, LLP
                                            Eric L. Zagar
11                                           James H. Miller
                                            Matthew A. Goldstein
12                                           280 King of Prussia Road
                                            Radnor, Pennsylvania 19087

13                                          *Counsel for Plaintiff*

14
15   DATED: _January 16_, 2014

16                                          SAXENA WHITE, P.A.
                                            Joseph E. White, III
17                                           Jonathan M. Stein
                                            Lester R. Hooker
18                                           2424 N. Federal Highway, Suite 257
                                            Boca Raton, FL 33431

19                                          *Counsel for Plaintiff*
20   DATED: _Jan 16_, 2014

21                                          GIBSON, DUNN & CRUTCHER LLP
                                            Thad A. Davis
22                                           555 Mission Street, Suite 3000
                                            San Francisco, CA 94105

23                                          *Counsel for Defendants Clinton H. Severson,*
24                                           *Alberto R. Santa Ines, Kenneth P. Aron,*
                                            *Vladimir E. Ostoich, Donald P. Wood, Martin*
25                                           *V. Mulroy, Richard J. Bastiani, Michael D.*
                                            *Casey, Henk J. Evenhuis, Prithipal Singh,*
26                                           *Vernon E. Altman, Ernest S. Tucker,  and*
                                            *Abaxis, Inc.*

27
28
     STIPULATION OF SETTLEMENT                                              - 17 -
     CASE NO. 12-CV-05086-YGR

# Exhibit A

1   **KESSLER TOPAZ**
    **MELTZER & CHECK, LLP**
2   Eli R. Greenstein (217945)
    One Sansome Street, Suite 1850
3   San Francisco, CA  94104
    Phone: (415) 400-3000
4   Fax: (415) 400-3001
    egreenstein@ktmc.com
5
    -and-
6
    Eric L. Zagar (250519)
7   James H. Miller
    Matthew A. Goldstein
8   280 King of Prussia Road
    Radnor, PA 19087
9   Phone: (610) 667-7706
    Fax: (267) 948-2512
10  ezagar@ktmc.com
    jmiller@ktmc.com
11  mgoldstein@ktmc.com

12  *Attorneys for Plaintiff*

13              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
14

15  ST. LOUIS POLICE RETIREMENT SYSTEM,      **CASE NO. 12-CV-05086-YGR**
    On Behalf Of Itself and All Others Similarly
    Situated and Derivatively on Behalf of Nominal
16  Defendant ABAXIS, INC.,

17                   Plaintiff,

18         v.                                  **[PROPOSED] ORDER PRELIMINARILY**
                                               **APPROVING SETTLEMENT AND**
19  CLINTON H. SEVERSON, ALBERTO R.           **PROVIDING FOR NOTICE**
    SANTA INES, KENNETH P. ARON,
20  VLADIMIR E. OSTOICH, DONALD P.
    WOOD, MARTIN V. MULROY, RICHARD J.
21  BASTIANI, MICHAEL D. CASEY, HENK J.
    EVENHUIS, PRITHIPAL SINGH, VERNON
22  E. ALTMAN, AND ERNEST S. TUCKER,

23                   Defendants,

24         and

25  ABAXIS, INC.

26                   Nominal Defendant.

27

28

---

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, Plaintiff has made an application for an order (i) preliminarily approving the settlement of the above-captioned action (the "Action"), in accordance with the Stipulation of Settlement dated January 16, 2014 (the "Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of a proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving distribution of the Notice of Proposed Settlement (attached to the Stipulation as Exhibit B);

WHEREAS, Defendants consent to the entry of this Order;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.      For purposes of the Settlement only, and pending the Settlement Hearing (defined below), the Action is provisionally certified as a mandatory non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(l) and 23(b)(2), on behalf of a class consisting of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the record date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant ("Excluded Persons"), and the legal representatives, heirs, successors or assigns of any such Excluded Person) (the "Class"). For purposes of the Settlement only, Plaintiff St. Louis Police Retirement System shall be certified as the representative of the Class.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2014, at _____ _.m., at the Oakland Courthouse, Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, CA 94612, to determine:  (1) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Abaxis and Abaxis shareholders and should be finally approved by the Court; (2) whether a Final Order and Judgment as provided in ¶1.5 of the Stipulation should be entered herein, and (3) whether to approve Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses (the "Fee Award").

4.      The Court approves, in form and content, the Notice (attached to the Stipulation as Exhibit B) and finds that the distribution of the Notice substantially in the manner and form as set forth in Exhibit B and in Paragraph 5 of this order meets the requirements of due process and all other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all Persons entitled to such notice.

5.      Not later than ten (10) calendar days following entry of this Order, Abaxis shall disseminate the Notice to Abaxis shareholders by causing the Notice to be filed with the United States Securities and Exchange Commission on Form 8-K.

6.      At least twenty one (21) calendar days prior to the Settlement Hearing, Abaxis's counsel shall serve on Plaintiff's Counsel and file with the Court an appropriate affidavit attesting to compliance with the Notice procedure set forth in this Order.

7.      All Abaxis shareholders shall be bound by all orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Abaxis shareholders.

8.      Pending final determination of whether the Settlement should be approved, no Abaxis shareholders, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

9.      All papers in support of the Settlement, including Plaintiff's Counsel's application for a Fee Award, shall be filed with the Court and served at least thirty-five (35) calendar days prior to the Settlement Hearing.

10. All papers in opposition to the Settlement, including Defendants' Counsel's opposition to Plaintiff's Counsel's application for a Fee Award, shall be filed with the Court and served at least fourteen (14) calendar days prior to the Settlement Hearing.

11. Plaintiff's Counsel's reply brief, if any, shall be filed with the Court and served at least seven (7) days prior to the Settlement Hearing.

12. Any Abaxis shareholder may appear and show cause if he, she or it has any reason why the terms of the Stipulation, the Settlement of the Action, and/or the Fee Award should not be approved as fair, reasonable and adequate, or why a Final Order and Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no Abaxis shareholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Stipulation, the Settlement, and/or the Fee Award, or, if approved, the Final Order and Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) calendar days prior to the Settlement Hearing, filed with the Clerk of the Court and delivered upon the following counsel (delivered by hand or sent by first class mail) (1) a written objection to the Settlement setting forth:  (a) the nature of the objection; (b) proof of current ownership of Abaxis common stock, including the number of shares of Abaxis common stock currently held and the date of purchase of Abaxis common stock; and (c) any documentation in support of such objection; and (2) if a current Abaxis shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, signed as authorized by the objecting shareholder, and copies of any papers and briefs in support thereof:

Eric L. Zagar
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087

Jonathan M. Stein
SAXENA WHITE, P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431

*Counsel for Plaintiff St. Louis Retirement System*

and

Thad A. Davis
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

*Counsel for Individual Defendants*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

CLERK OF THE COURT
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Any Abaxis shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the Fee Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the release to be given.

13.     The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

14.     All proceedings in the Action, other than as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended pending final determination of whether the Settlement provided for in the Stipulation shall be approved.  Plaintiff and Abaxis shareholders, or any them, are hereby barred and enjoined from commencing, prosecuting,

instigating, continuing, or in any way participating in the commencement or prosecution of any action, in any forum, asserting any Released Claims against any of the Released Persons.

15.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Abaxis shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

16.     The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Abaxis shareholders.

IT IS SO ORDERED.


DATED: _____              _____

                                                    HONORABLE YVONNE GONZALEZ ROGERS

# Exhibit B

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Eli R. Greenstein (217945)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Phone: (415) 400-3000
Fax: (415) 400-3001
egreenstein@ktmc.com

-and-

Eric L. Zagar (250519)
James H. Miller
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (267) 948-2512
ezagar@ktmc.com
jmiller@ktmc.com
mgoldstein@ktmc.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LOUIS POLICE RETIREMENT SYSTEM, On Behalf Of Itself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant ABAXIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLINTON H. SEVERSON, ALBERTO R. SANTA INES, KENNETH P. ARON, VLADIMIR E. OSTOICH, DONALD P. WOOD, MARTIN V. MULROY, RICHARD J. BASTIANI, MICHAEL D. CASEY, HENK J. EVENHUIS, PRITHIPAL SINGH, VERNON E. ALTMAN, AND ERNEST S. TUCKER, <br><br> Defendants, <br><br> and <br><br> ABAXIS, INC. <br><br> Nominal Defendant. | CASE NO. 12-CV-05086-YGR |

1
2

**NOTICE OF PENDENCY OF CLASS AND DERIVATIVE ACTION, PROPOSED
SETTLEMENT OF CLASS AND DERIVATIVE ACTION AND SETTLEMENT HEARING
AND RIGHT TO APPEAR**

3
4
5
6
7

**TO:   ALL PERSONS OR ENTITIES WHO HELD SHARES OF THE COMMON STOCK
OF ABAXIS, INC. ("ABAXIS" OR THE "COMPANY") AS OF THE CLOSE OF
BUSINESS ON AUGUST 31, 2012 (THE "RECORD DATE"), EITHER OF RECORD OR
BENEFICIALLY, INCLUDING THEIR RESPECTIVE SUCCESSORS IN INTEREST,
SUCCESSORS,       PREDECESSORS       IN       INTEREST,       PREDECESSORS,
REPRESENTATIVES,    TRUSTEES,    EXECUTORS,    ADMINISTRATORS,    HEIRS,
ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR
ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER, ANY OF THEM,
AND EACH OF THEM, TOGETHER WITH THEIR PREDECESSORS AND
SUCCESSORS AND ASSIGNS ("ABAXIS SHAREHOLDERS").**

8
9
10

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE
RELATES TO A PROPOSED SETTLEMENT OF A CLASS AND DERIVATIVE ACTION
AND CONTAINS IMPORTANT INFORMATION.  YOUR RIGHTS WILL BE AFFECTED
BY THESE LEGAL PROCEEDINGS IN THIS LITIGATION.**

11
12

**IF YOU WERE NOT THE BENEFICIAL HOLDER OF COMMON STOCK OF ABAXIS
BUT HELD SUCH STOCK FOR A BENEFICIAL HOLDER, PLEASE TRANSMIT THIS
DOCUMENT PROMPTLY TO SUCH BENEFICIAL HOLDER.**

13
14
15
16

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE
COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY
OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY
ANY OF THE PARTIES.  IT IS BASED ON STATEMENTS OF THE PARTIES AND IS
SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS
ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY
MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO
TAKE IN RELATION TO THIS ACTION.**

17
18
19
20
21
22

Notice is hereby provided to you of the proposed Settlement (as defined herein) of this
shareholder class and derivative litigation.  This Notice is provided by Order of the United States
District Court for the Northern District Court of California, (the "Court").  It is not an expression of
any opinion by the Court with respect to the truth of the allegations in the litigation or the merits of
the claims or defenses asserted by or against any party.  It is solely to notify you of the terms of the
proposed Settlement, and your rights related thereto.

23
24
25

**PLEASE NOTE: THERE IS NO CLAIMS PROCEDURE, AS NO INDIVIDUAL
SHAREHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THE
SETTLEMENT DESCRIBED BELOW.**

26
27
28

## I.     WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the settlement of the action styled *St. Louis Police Retirement System v. Severson, et al.*, Case No. 12-CV-05086-YGR (the "Action").  Plaintiff St. Louis Police Retirement System ("Plaintiff"), the Individual Defendants, and nominal defendant Abaxis have agreed upon terms to settle the Action and have signed a written Stipulation of Settlement (the "Stipulation" or the "Settlement") setting forth those settlement terms.  Capitalized terms not otherwise defined shall have the definitions set forth in the Stipulation.

## II.     SUMMARY OF THE ACTION

On October 1, 2012, Plaintiff filed in the Court a Verified Shareholder Class Action and Derivative Complaint (the "Complaint") that asserted class claims on behalf of a class of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the Record Date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant ("Excluded Persons"), and the legal representatives, heirs, successors or assigns of any such Excluded Person) (the "Class").  The Complaint also asserted derivative claims on behalf of nominal defendant Abaxis against the Individual Defendants alleging, *inter alia*, that:  (1) the Grantor Defendants violated the terms of the Company's 2005 Equity Incentive Plan (the "2005 Plan") by purportedly granting to the Officer Defendants and other Abaxis employees more restricted stock units ("Restricted Stock Units" or "RSUs") than could be settled pursuant to the 500,000 share limit contained in the 2005 Plan (the "Restricted Stock Limit"); and (2) in total, the Abaxis board of directors (the "Board") issued 870,179 shares of common stock upon settlement of Restricted Stock Units granted under the 2005 Plan since October 2005 (370,179 shares in excess of the Restricted Stock Limit) and granted a total of 2,045,000 Restricted Stock Units pursuant to the 2005 Plan (representing, if settled, 1,545,000 shares more than could be issued in accordance with the Restricted Stock Limit) (the "Excess RSUs").

Also on October 1, 2012, Plaintiff filed a motion for preliminary injunction seeking to enjoin Abaxis' annual meeting of shareholders scheduled for October 24, 2012 (the "Annual

Meeting") because the Company's September 27, 2012 Form DEF 14A proxy statement (the "2012 Proxy") allegedly contained materially false and misleading statements regarding a proposed amendment to the 2005 Plan (the "Plan Amendment").

On October 23, 2012, the Court granted, in part, Plaintiff's motion for preliminary injunction, enjoining the shareholder vote on the Plan Amendment until the Company made certain additional disclosures in the 2012 Proxy sought by Plaintiff. On October 24, 2012, the Company filed with the Securities and Exchange Commission ("SEC") supplemental proxy materials containing the additional disclosures required by the Court. On November 8, 2012, the Company reconvened the Annual Meeting in order to allow shareholders to vote on the Plan Amendment, which was approved.

On December 28, 2012, Defendants filed motions to dismiss Plaintiff's derivative claims contained in the Complaint (the "Motions to Dismiss"), in which Defendants argued that Plaintiff, *inter alia*, failed to adequately plead demand futility and failed to state a claim for relief. Defendants' Motions to Dismiss have been fully briefed and oral argument was held on May 7, 2013. At the request of the Parties, the Court agreed to defer ruling on the Motions to Dismiss pending the Parties' efforts to reach a settlement of the Action.

Counsel for the Parties engaged in settlement negotiations in or about May 2013 and attended a mediation on September 20, 2013, and, following the exchange of numerous proposals and counter proposals, and related negotiations, the Parties reached an agreement in principle to settle the Action on the terms set forth herein, which include changes to the Company's corporate governance practices and policies. However, the Parties did not begin negotiating the amount of attorneys' fees and expenses payable to Plaintiff's Counsel as a result of the benefits conferred due to the prosecution and settlement of the Action until after the substantive terms of the Settlement were negotiated and agreed to. On or about December 10, 2013, the Parties entered into a memorandum of understanding memorializing their agreement in principle to settle the Action. Following additional negotiations among the Parties, the Parties have been unable to agree upon the amount of attorneys' fees and expenses payable to Plaintiff's Counsel.

III.     **TERMS OF THE PROPOSED SETTLEMENT**

The Parties agree that, as a result of the filing, pendency, prosecution and settlement of the Action, Abaxis and/or the Company's Board shall take all necessary steps to adopt the corporate governance measures outlined below in consideration of the Settlement and maintain such measures for five years from the date of adoption.  The Parties agree the measures set forth below constitute a benefit to Abaxis and its shareholders.

1)  The Compensation Committee Charter shall be revised to require the Compensation Committee on an annual basis to review, with the assistance of outside counsel, Abaxis's equity incentive plans;

2)  Prior to the granting of any equity incentive award(s) to executive officers, the Board and/or Compensation Committee shall review, with the assistance of outside counsel, Abaxis's equity incentive plans to ensure compliance therewith;

3)  Equity awards to executive officers shall be approved at a meeting of the Compensation Committee or Board, as applicable, and not by unanimous written consent;

4)  Abaxis directors shall be required to receive annual education on relevant topics, *e.g.*, administration of the Company's compensation plans, disclosure obligations to shareholders and the Company's NASDAQ listing requirements;

5)  The Company's annual proxy statement shall disclose to shareholders whether all equity awards granted during the prior fiscal year were granted in compliance with the terms of the Company's equity incentive plans;

6)  The Board or Compensation Committee shall retain an independent compensation consultant each year;

7)  The Compensation Committee Charter shall be revised to require the Compensation Committee to consist of at least three (3) members;

8)  The Company's stock plan administrator shall:

   a.  Become a member of the National Association of Stock Plan Professionals; and

   b.  Attend a minimum of eight (8) hours of training sponsored by the National Association of Stock Plan Professionals per fiscal year for the next five (5) fiscal years;

9)  The Company, with the assistance of outside counsel, will conduct an annual training session for the Company's stock plan administrator regarding equity incentive plan administration procedures;

10) The Company will adopt a compensation clawback policy that includes the following provisions, among other things:

a.    If the Company is required to prepare an accounting restatement for any fiscal quarter or year due to the material noncompliance of the Company with any financial reporting requirement, and the Board determines that an officer's misconduct contributed to the noncompliance that resulted in the obligation to restate the Company's financial statements, the Board may require (i) in the case of the Company's Chief Executive Officer and Chief Financial Officer, that each such individual repay to the Company the compensation listed in paragraphs (1), (2) and (3) below, regardless of which officer's misconduct contributed to the noncompliance that resulted in the obligation to restate the Company's financial statements, and (ii) in the case of any other officer whose misconduct contributed to the noncompliance which resulted in the obligation to restate the Company's financial statements, that each such individual repay to the Company the Compensation listed in paragraphs (1), (2) and (3) below, in each case as and to the extent permitted by applicable law:

1.    Up to the full amount of the difference between any bonus compensation received by the officer that was calculated based on the financial statements that were subsequently restated and the lower bonus compensation to which the officer would have been entitled had the financial statements been properly reported;

2.    Up to the full amount of any equity incentive grant received by the officer that was determined based on the financial statements that were subsequently restated; and

3.    If, after the release of earnings for any period with respect to which financial statements were subsequently restated and prior to the announcement of such restatement, the officer sold any shares of Company common stock acquired pursuant to an option or other award granted after the adoption of this policy under the Company's equity incentive plans, the excess of (i) the actual aggregate sales proceeds from the officer's sale of those shares, over (ii) the aggregate sales proceeds the officer would have received from the sale of those shares at a price per share determined appropriate by the Board in its discretion to reflect what the Company's common stock price would have been if the restatement had occurred prior to such sales; provided, however, that the aggregate sales proceeds determined by the Board under this clause (ii) with respect to shares acquired upon exercise of an option shall not be less than the aggregate exercise price paid for those shares; and

b.    The Board may seek recoupment from the officer(s) from any of the following sources:  prior incentive compensation payments; future payments of incentive compensation; cancellation of outstanding equity awards; future equity awards; and direct repayment.  To the extent permitted by applicable law, the Company may offset such amount against any compensation or other amounts owed by the Company to the officer.  If an amount repaid to the Company under the policy will not be fully deductible by the officer, the Board may, in its discretion, reduce the amount to be repaid by the amount determined by the Board to reasonably take into account the adverse tax consequences of such repayment to the officer.

The Settlement provides that, upon the Effective Date of the Settlement, Plaintiff, Abaxis and each member of the Class (solely in his, her or its capacity as a Abaxis shareholder) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons.  Upon the Effective Date each of the Released Persons and each Abaxis shareholder shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

With respect to any and all Released Claims, the Parties stipulate and agree that, upon the effective date of the Settlement, Plaintiff, the Individual Defendants, and Abaxis shall expressly waive and each of the Abaxis shareholders shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any jurisdiction or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> *A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.*

The Plaintiff, Individual Defendants, Abaxis and Abaxis shareholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the effective date of the Settlement, the Plaintiff, Individual Defendants and Abaxis shall expressly settle and release, and each Abaxis shareholder shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which

now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and Abaxis shareholders shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## IV.    MEMBERS OF THE CLASS

The Court has ordered, for purposes of the Settlement only, and pending the Settlement Hearing, that the Action is provisionally certified as a mandatory non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2), on behalf of a class consisting of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the Record Date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant ("Excluded Persons"), and the legal representatives, heirs, successors or assigns of any such Excluded Person) (the "Class").

## V.    PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND EXPENSES

Plaintiff contends that its counsel is entitled to an award of attorneys' fees and expenses for their role in the prosecution and settlement of the Action, and the Parties have attempted to negotiate an amount of fees and expenses to be paid to Plaintiff's Counsel.  As of the date of this Notice, the Parties have not reached agreement on an award of attorneys' fees and expenses. Plaintiff's Counsel intend to apply to the Court for an award of attorneys' fees and expenses of no more than $2,000,000 in the aggregate, and the Parties intend to, and do, preserve all arguments in connection with any petition for attorneys' fees and expenses by Plaintiffs' Counsel.  Defendants may oppose the amount of any application for fees and expenses made by Plaintiff.  Abaxis and/or its insurance carrier shall pay such fees and expenses as may be awarded by the Court (the "Fee Award").  Any failure of the Court to approve the Settlement shall have no impact on or preclude

1    Plaintiff's Counsel from applying for the Fee Award on grounds of mootness, and Defendants

2    reserve the right to oppose any such application.  However, any failure by the Parties to reach

3    agreement in the Stipulation on an amount of fees and expenses, or by the Court to approve the Fee

4    Award, shall not affect the validity of the Settlement.

5          Except for the attorneys' fees and expenses referred to above and the costs of providing and

6    administering this notice, to the extent ordered by the Court, Defendants shall not be required to

7    bear any other expenses, costs, damages, or fees alleged or incurred by Plaintiff or any Abaxis

8    shareholder, or by any of their respective attorneys, experts, advisors, agents, or representatives.

9    Defendants shall have no responsibility for, and no liability with respect to, the allocation of fees or

10   expenses among counsel for Plaintiff and/or any other person who may assert a claim to the Fee

11   Award.

12   **VI.     REASONS FOR THE SETTLEMENT**

13         The Parties have determined that it is desirable and beneficial that the Action, and all of

14   their disputes related thereto, be fully and finally settled in the manner and upon the terms and

15   conditions set forth in the Stipulation.

16         **A.     Why Did Plaintiff Agree to Settle?**

17         Plaintiff believes that the claims it has asserted in the Action have merit.  Plaintiff, however,

18   recognizes and acknowledges the expense and length of continued proceedings necessary to

19   prosecute the Action against the Individual Defendants through trial and appeals.  Plaintiff and its

20   counsel have also taken into account the uncertain outcome and the risk of any litigation, especially

21   in complex actions such as the Action, as well as the difficulties and delays inherent in such

22   litigation.  Plaintiff and its counsel are also mindful of the inherent problems of proof and possible

23   defenses to the claims asserted in the Action.  Based on their evaluation, Plaintiff and its counsel

24   have determined that the Settlement set forth in this Notice is in the best interests of Abaxis and its

25   shareholders.  Plaintiff's Counsel believe that the Settlement set forth in the Stipulation confers

26   substantial benefits upon Abaxis and its shareholders.  Plaintiff's Counsel base this conclusion

27   upon, *inter alia*, their extensive investigation during the development, prosecution and settlement of

28   the Action, which included, *inter alia*:  (i) inspecting, reviewing and analyzing the Company's

filings with the SEC; (ii) researching corporate governance issues; and (iii) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto.

### B.   Why Did the Defendants Agree to Settle?

The Individual Defendants have denied, and continue to deny, that they have committed any breach of fiduciary duty, waste of assets, or any other violation of law or engaged in any of the wrongful acts alleged in the Action, or that they have been unjustly enriched by any of the acts alleged in the Action, and expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties, to the extent such duties exist.  Nonetheless, the Individual Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action.  Therefore, they have determined that it is desirable and beneficial that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Notice.  Abaxis believes that the Settlement set forth in this Notice confers benefits upon Abaxis and its shareholders and that the Settlement is  in the best interests of Abaxis and its shareholders.

### VII.   THE SETTLEMENT HEARING

The Settlement Hearing shall be held at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, on [date] at [time].  The purpose of the Settlement Hearing is to determine:  (a) whether the Court should certify the Action as a non-opt-out class action pursuant to Fed. R. Civ. P. 23; (b) whether the Court should approve the proposed Settlement; (c) whether the Court should enter an Order and Final Judgment dismissing the claims asserted in the Action on the merits and with prejudice and effectuating the releases described below; (d) whether the Court should grant the application of Plaintiff's Counsel for a Fee Award; and (e) such other matters as may properly come before the Court.  The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to Abaxis shareholders.

Pending final determination of whether the Settlement should be approved, no current Abaxis shareholder, either directly, representatively, derivatively, or in any other capacity, shall

commence or prosecute against any of the Released Persons an action or proceeding in any court, administrative agency, or other tribunal asserting any of the Released Claims.

## VIII.   RIGHT TO APPEAR AT SETTLEMENT HEARING

Any Abaxis shareholder may, but is not required to, appear in person at the Settlement Hearing.  If you want to object at the Settlement Hearing, then you must first comply with the procedures for objecting, which are set forth below.  The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee Award, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.  Thus, if you are planning to attend the Settlement Hearing, you should confirm the date and time before going to Court.  **ABAXIS SHAREHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE SETTLEMENT HEARING OR TAKE ANY OTHER ACTION.**

## IX.   PROCEDURES FOR OBJECTING TO THE SETTLEMENT

Any Abaxis shareholder who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or Plaintiff's Counsel's application for a Fee Award, or who otherwise wishes to be heard, may appear in person or by his attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than twenty one (21) calendar days prior to the Settlement Hearing such person files with the Clerk of the Court and delivers upon the following counsel (delivered by hand or sent by first class mail) (1) a written objection to the Settlement setting forth:  (a) the nature of the objection; (b) proof of current ownership of Abaxis common stock, including the number of shares of Abaxis common stock currently held and the date of purchase of Abaxis common stock; and (c) any documentation in support of such objection; and (2) if a current Abaxis shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder

intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, signed as authorized by the objecting shareholder.

Such filings shall be delivered to the following counsel:

Eric L. Zagar
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087

Jonathan M. Stein
SAXENA WHITE, P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431

*Counsel for Plaintiff St. Louis Police Retirement System*

and

Thad A. Davis
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

*Counsel for Individual Defendants*

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any Fee Award, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. **Any Abaxis shareholder who does not object to the Settlement or the request by Plaintiff's Counsel for a Fee Award or to any other matter stated above need not do anything.**

## X.      NOTICE TO PERSONS OR ENTITIES THAT HOLD OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities that hold shares of the common stock of Abaxis as of the Record Date for the benefit of others are requested to promptly send this Notice to all of their respective beneficial owners. If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such copies may be made to:

Thad A. Davis
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105

**XI.    HOW TO OBTAIN ADDITIONAL INFORMATION**

This Notice summarizes the Stipulation.  It is not a complete statement of the events of the Action or the terms of the Settlement contained in the Stipulation.

You may inspect the Stipulation and other papers in the Action at the Oakland Courthouse clerk's office at any time during regular business hours of each business day.  The clerk's office is located at Suite 400S, 1301 Clay Street, Oakland, CA 94612.  However, you must appear in person to inspect these documents.  The clerk's office will not mail copies to you.  The Stipulation may be available on the United States District Court for the Northern District of California Information web site at http://www.cand.uscourts.gov.

*PLEASE DO NOT CALL, WRITE OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE.*  Inquiries or comments about the Settlement or any other matters in this Notice should be directed by telephone or in writing to the attention of Plaintiff's Counsel, Eric L. Zagar, Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-888-299-7706.


DATED:  _____            _____
                                                          HONORABLE YVONNE GONZALEZ ROGERS

# **Exhibit C**

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Eli R. Greenstein (217945)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Phone: (415) 400-3000
Fax: (415) 400-3001
egreenstein@ktmc.com

-and-

Eric L. Zagar (250519)
James H. Miller
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (267) 948-2512
ezagar@ktmc.com
jmiller@ktmc.com
mgoldstein@ktmc.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LOUIS POLICE RETIREMENT SYSTEM, On Behalf Of Itself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant ABAXIS, INC., | **CASE NO. 12-CV-05086-YGR** |
| Plaintiff, | |
| v. | **FINAL ORDER AND JUDGMENT** |
| CLINTON H. SEVERSON, ALBERTO R. SANTA INES, KENNETH P. ARON, VLADIMIR E. OSTOICH, DONALD P. WOOD, MARTIN V. MULROY, RICHARD J. BASTIANI, MICHAEL D. CASEY, HENK J. EVENHUIS, PRITHIPAL SINGH, VERNON E. ALTMAN, AND ERNEST S. TUCKER, | |
| Defendants, | |
| and | |
| ABAXIS, INC. | |
| Nominal Defendant. | |

## FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____ ("Order"), on the application of Plaintiff for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated January 16, 2014 and the Exhibits thereto (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Final Order and Judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED this _____ day of _____, 2014, that:

1.      This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      The Court finds that, for the purposes of settlement only, the Action is a proper class action pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure.  Specifically, this Court finds that:  (a) the members of the Class are so numerous that separate joinder of each member is impracticable; (b) there are questions of law or fact common to the Class, including whether the disclosures made by Abaxis in connection with the Plan Amendment were adequate, whether the Individual Defendants breached their fiduciary duties to members of the Class and whether Plaintiffs and the members of the Class were injured as a consequence of Defendants' actions; (c) the claims or defenses of the Plaintiff are typical of the claims or defenses of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories; (d) Plaintiff and its counsel have fairly and adequately protected the

interests of Abaxis and the Class; (e) the prosecution of separate actions by individual members of the Class would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impede their ability to protect their interests; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.  Thus, for the purposes of settlement only, the Action is a proper class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2).

4.     The Action is certified as a mandatory non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2) on behalf of a class consisting of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the record date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant, and the legal representatives, heirs, successors or assigns of any such Excluded Person).

5.     Plaintiff St. Louis Police Retirement System is hereby certified as Class representative

6.     The Court finds that the Notice disseminated to Abaxis shareholders satisfied the requirements of due process and all other applicable laws, and constitutes due and sufficient notice to all persons entitled thereto.

7.      All members of the Class are bound by this Final Order and Judgment, as full and adequate notice of the proceedings was given and a full opportunity to be heard was provided to members of the Class.

8.      The Court finds that, during the course of the litigation of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

9.      The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to the Class and each of the Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

10.     The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11.     Upon the Effective Date, as defined in the Stipulation, Plaintiff (acting on its own behalf and derivatively on behalf of Abaxis), Abaxis, and each member of the Class (solely in his, her or its capacity as an Abaxis shareholder) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons.

12.     Upon the Effective Date, as defined in the Stipulation, each of the Released Persons, Abaxis and each member of the Class (solely in his, her or its capacity as a Abaxis shareholder) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Plaintiff and Plaintiff's Counsel from all claims (including Unknown

Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

13.     The Parties have expressly waived any and all provisions, rights and benefits conferred by any law of any jurisdiction or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties acknowledge, and members of the Class are hereby deemed to have acknowledged, that the waiver of Unknown Claims was separately bargained for and is a key element of the Settlement.

14.     Abaxis, Plaintiff and each member of the Class (solely in his, her or its capacity as an Abaxis shareholder) are hereby forever barred and enjoined from instituting and/or prosecuting any other action against the Released Persons in any court or jurisdiction asserting any Released Claims.

15.     Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

16.     Plaintiff's Counsel is hereby awarded $_____ for attorneys' fees and reimbursement of expenses, subject to Plaintiff's Counsels' joint and several obligations to refund or repay within ten (10) business days any amounts paid if, for any reason, including as a result of any appeal and/further proceedings on remand, or successful collateral attack, the amount awarded is lowered, overturned, or reduced.

17.     This Final Order and Judgment shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received

into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.  The Released Persons may file the Stipulation and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Parties may file the Stipulation and documents executed pursuant thereto and in furtherance thereof in any action to enforce the Settlement.

18. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

19. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, the Parties shall be restored to their respective positions in the Action as provided in the Stipulation, this Final Order and Judgment shall be vacated and all orders entered and releases delivered in connection with the Stipulation and this Final Order and Judgment shall be null and void, except as otherwise provided for in ¶ 7.3 of the Stipulation.  If, for any reason, including as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the amount of attorneys' fee and reimbursement of expenses as set forth in Paragraph 15 of this order is lowered, overturned, or reduced, such an event will not affect the validity of the Settlement.

//

//

//

//

20.     This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58 and all other similar laws.

IT IS SO ORDERED.


DATED: _____          _____
                                  HONORABLE YVONNE GONZALEZ
                                  ROGERS