# Exhibit 8

1   BARROWAY TOPAZ KESSLER                    **E-Filed 2/27/09**
      MELTZER & CHECK, LLP
2   Eric L. Zagar (Bar No. 250519)
    Robin Winchester
3   James H. Miller
    280 King of Prussia Road
4   Radnor, PA 19087
    Telephone: (610) 667-7706
5   Facsimile: (267) 948-2512
    ezagar@btkmc.com
6   rwinchester@btkmc.com
    jmiller@btkmc.com
7
    COUGHLIN STOIA GELLER              COUGHLIN STOIA GELLER
8     RUDMAN & ROBBINS, LLP              RUDMAN & ROBBINS, LLP
    Shawn A. Williams (Bar No. 213113)  Travis E. Downs, III (Bar No. 148274)
9   100 Pine Street, Suite 2600        Jeffrey D. Light (159515)
    San Francisco, CA  94111           655 West Broadway, Suite 1900
10  Telephone:  (415) 288-4545         San Diego, CA  92101
    Facsimile: (415) 299-4534          Telephone:  (619) 231-1058
11  swilliams@csgrr.com                Facsimile: (619) 231-7423
                                       travisd@csgrr.com
12

13  *Counsel for Lead Plaintiffs*

14

15              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
16                 SAN JOSE DIVISION

17                                     Master Case No.: C-06-03783-JF

18  IN RE SANMINA-SCI CORP.            [PROPOSED] ORDER
    DERIVATIVE LITIGATION              PRELIMINARILY APPROVING
19                                     DERIVATIVE SETTLEMENT AND
                                       PROVIDING FOR NOTICE
20  This Document Relates to:
    All Actions
21

22

23

24

25

26

27

28

1    WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil

2    Procedure 23.1, for an order (i) preliminarily approving the proposed settlement (the "Settlement")

3    of the above-captioned shareholder derivative action ("Federal Derivative Action") and the related

4    derivative action pending in the Superior Court of the State of California, County of Santa Clara,

5    entitled *In re Sanmina-SCI Corp. Derivative Litigation*, Lead Case No. 1:06 SV-071786 (the "State

6    Derivative Action") (collectively, the "Actions"), in accordance with a Stipulation of Settlement

7    dated February 26, 2009 and the exhibits thereto (the "Stipulation"), and (ii) approving for

8    distribution of the Notice of Proposed Settlement;

9    WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including

10   but not limited to: (i) a proposed Settlement and dismissal of the Actions with prejudice as to the

11   Released Persons; and (ii) an award of attorneys' fees and costs to Plaintiffs in the Actions, upon

12   the terms and conditions set forth in the Stipulation;

13   WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive

14   negotiations and falls within the range of possible approval;

15   WHEREAS, all capitalized terms contained herein shall have the same meanings as set

16   forth in the Stipulation (in addition to those capitalized terms defined herein); and

17   WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto

18   and having heard the arguments of the Settling Parties at the preliminary approval hearing:

19   NOW THEREFORE, IT IS HEREBY ORDERED:

20   1.    This Court does hereby preliminarily approve, subject to further consideration at the

21   Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including

22   the terms and conditions for: (i) a proposed Settlement and dismissal of the Actions with prejudice

23   as to the Defendants; and (ii) an award of attorneys' fees and costs to Plaintiffs' Counsel in the

24   Actions.

25   2.    A hearing (the "Settlement Hearing") shall be held before this Court on

26   May 1, 2009 at 9:00 a.m. at the United States District Court for the Northern District of

27   California, 2112 Robert F. Peckham Federal Building and United States Courthouse, 280 South

28   First Street, San Jose, CA 95113, to determine: (i) whether the terms and conditions of the

- 1 -

Settlement provided for in the Stipulation are fair, reasonable, adequate and in the best interests of Sanmina and Current Sanmina Stockholders; (ii) whether an order and judgment as provided in ¶1.8 of the Stipulation should be entered herein; and (iii) whether to award attorneys' fees and expenses to Plaintiffs' Counsel.

3.     The Court approves, as to form and content, the Notice annexed as Exhibit B-1 to the Stipulation, and finds that the distribution of the Notice and publication of the Stipulation substantially in the manner and form set forth in paragraph 3.2 of the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement.

4.     Not later than ten (10) days following entry of this Order, Sanmina shall cause the Notice substantially in the form annexed as Exhibit B-1 hereto to be issued in a press release by the Company.

5.     Not later than ten (10) days following entry of this Order, Sanmina shall cause a copy of the Stipulation to be filed with the Securities and Exchange Commission via a Form 8-K.

6.     All costs incurred in the filing and publication of the Notices shall be paid by Sanmina and Sanmina shall undertake all administrative responsibility for filing and publication of the Notice.

7.     At least fourteen (14) days prior to the Settlement Hearing, Sanmina's counsel shall serve on Lead Counsel and file with the Court proof, by affidavit or declaration, of such filing and publication of the Notice.

8.     All Current Sanmina Stockholders shall be bound by all orders, determinations and judgments in the Federal Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Sanmina Stockholders.

9.     Pending final determination of whether the Settlement should be approved, no Current Sanmina Stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.     All papers in support of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

11.     Any current record holders and beneficial owner of common stock of Sanmina as of February 25, 2009 may appear and show cause, if he, she or it has any reason why the terms of the Settlement should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no current Sanmina stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14) days prior to the Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof:

COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
JEFFREY D. LIGHT (159515)

Co-Lead Counsel for Plaintiffs
in the Federal Derivative Action

FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN
SARA E. COLLIER

Counsel for Plaintiff Triniia Salehinasab in
the State Derivative Action

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
MARC M. UMEDA

Counsel for Plaintiffs Kevin Judd and Gary
Bahnmiller in the State Derivative Action

HOGAN & HARTSON LLP
NORMAN J. BLEARS
MICHAEL L. CHARLSON
525 University Avenue, 2d Floor
Palo Alto, California  94301

Counsel for Nominal Defendant

Sanmina-SCI Corporation

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
280 South First Street
San Jose, CA 95113

Any Current Sanmina Stockholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation and to the award of attorney fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

12.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

- 4 -

13.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the current Sanmina stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the current Sanmina stockholders.

IT IS SO ORDERED.

DATED:     2/27/09

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT JUDGE