# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LOUIS POLICE RETIREMENT SYSTEM, On Behalf Of Itself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant ABAXIS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON H. SEVERSON, ALBERTO R. SANTA INES, KENNETH P. ARON, VLADIMIR E. OSTOICH, DONALD P. WOOD, MARTIN V. MULROY, RICHARD J. BASTIANI, MICHAEL D. CASEY, HENK J. EVENHUIS, PRITHIPAL SINGH, VERNON E. ALTMAN, AND ERNEST S. TUCKER,<br><br>Defendants,<br><br>and<br><br>ABAXIS, INC.<br><br>Nominal Defendant. | CASE NO. 12-CV-05086-YGR<br><br><br><br>**FINAL ORDER AND JUDGMENT** |

**FINAL ORDER AND JUDGMENT**

This matter came before the Court for hearing pursuant to the Order of this Court, dated April 15, 2014 ("Order"), on the application of Plaintiff for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated January 16, 2014, and attached hereto as Exhibit A (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Final Order and Judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 12th day of August, 2014, that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that, for the purposes of settlement only, the Action is a proper class action pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure. Specifically, this Court finds that: (a) the members of the Class are so numerous that separate joinder of each member is impracticable; (b) there are questions of law or fact common to the Class, including whether the disclosures made by Abaxis in connection with the Plan Amendment were adequate, whether the Individual Defendants breached their fiduciary duties to members of the Class and whether Plaintiffs and the members of the Class were injured as a consequence of Defendants' actions; (c) the claims or defenses of the Plaintiff are typical of the claims or defenses of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories; (d) Plaintiff and its counsel have fairly and adequately protected the

interests of Abaxis and the Class; (e) the prosecution of separate actions by individual members of the Class would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impede their ability to protect their interests; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.  Thus, for the purposes of settlement only, the Action is a proper class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2).

4. The Action is certified as a mandatory non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2) on behalf of a class consisting of all persons and entities that held common stock in Abaxis as of the close of business on August 31, 2012, which represents the record date for the shareholders entitled to vote at Abaxis's October 24, 2012 Annual Meeting (excluding the Individual Defendants, members of the immediate family of any Individual Defendant, and any person, firm, trust, corporation, or other entity related to, or affiliated with, any Individual Defendant, and the legal representatives, heirs, successors or assigns of any such Excluded Person).

5. Plaintiff St. Louis Police Retirement System is hereby certified as Class representative.

6. The Court finds that the notice of the proposed Settlement disseminated to Abaxis shareholders satisfied the requirements of due process and all other applicable laws, and constitutes due and sufficient notice to all persons entitled thereto.

7. All members of the Class are bound by this Final Order and Judgment, as full and adequate notice of the proceedings was given and a full opportunity to be heard was provided to members of the Class.

8. The Court finds that, during the course of the litigation of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

9. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to the Class and each of the Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

10. The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11. Upon the Effective Date, as defined in the Stipulation, Plaintiff (acting on its own behalf and derivatively on behalf of Abaxis), Abaxis, and each member of the Class (solely in his, her or its capacity as an Abaxis shareholder) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons.

12. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons, Abaxis and each member of the Class (solely in his, her or its capacity as a Abaxis shareholder) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Plaintiff and Plaintiff's Counsel from all claims (including Unknown

Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

13. The Parties have expressly waived any and all provisions, rights and benefits conferred by any law of any jurisdiction or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties acknowledge, and members of the Class are hereby deemed to have acknowledged, that the waiver of Unknown Claims was separately bargained for and is a key element of the Settlement.

14. Abaxis, Plaintiff and each member of the Class (solely in his, her or its capacity as an Abaxis shareholder) are hereby forever barred and enjoined from instituting and/or prosecuting any other action against the Released Persons in any court or jurisdiction asserting any Released Claims.

15. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

16. Plaintiff's Counsel is hereby awarded **$579,429.53** for attorneys' fees and reimbursement of expenses, subject to Plaintiff's Counsels' joint and several obligations to refund or repay within ten (10) business days any amounts paid if, for any reason, including as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the amount awarded is lowered, overturned, or reduced.

17. This Final Order and Judgment shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received

into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Parties may file the Stipulation and documents executed pursuant thereto and in furtherance thereof in any action to enforce the Settlement.

18. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction for a period of one (1) year from the date hereof with respect to implementation and enforcement of the terms of the Stipulation.

19. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58 and all other similar laws.

IT IS SO ORDERED.

DATED: August 12, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE